[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Plaintiff Progressive Northern Insurance Company ("Progressive") provided a motor vehicle insurance policy to Mary L. Bates ("Bates") prior to her being named a defendant in the litigation referred to herein. Jean M. Pirkey ("Pirkey") as plaintiff brought a lawsuit against Bates as defendant for injuries claimed in a motor vehicle accident allegedly caused at the fault of Bates. That case, Pirkey v. Bates, et al., is still pending in the Superior Court at Hartford bearing Docket No. 99-0594634 S.
Progressive has brought this declaratory judgment action seeking an order of this Court providing that Progressive has no duty to indemnify or defend Bates in the aforementioned lawsuit brought against her by the plaintiff therein, Pirkey. Progressive has named Defendants in this action all of the parties named as defendants in the lawsuit brought by Pirkey, namely: Mary L. Bates; Domino's Pizza, Inc.; and First Choice Pizza, Inc.; as well as Jean M. Pirkey, the plaintiff in the foregoing lawsuit. The hearing on the action brought by Progressive before this Court was held as a court hearing matter on November 27, 2001. Although no witnesses testified, the parties, Progressive and Bates, filed a number of exhibits, Nos. 1 through 3 by Plaintiff Progressive, and Nos. A through D by Defendant Bates.
Annexed to Defendant Bates' Trial Memorandum filed as Exhibit D is an attachment thereto entitled Exhibit A containing the complaint brought by the Plaintiff Pirkey in her lawsuit against Bates, Domino's Pizza, Inc. ("Domino's Pizza"), and First Choice Pizza, Inc. ("First Choice Pizza").[1] This complaint contains six counts, two counts each respectively in order against Bates, Domino's Pizza and First Choice Pizza, one of each such series of counts based on negligence and the other CT Page 15941-lq on reckless conduct.
For ease of comparison, the allegations of Paragraphs 1 through 12 of the First Count against Bates claiming careless and negligence on her part to the collision involved, and are incorporated in the Third and Fifth Counts respectively against Domino's Pizza and First Choice Pizza. Paragraphs 14 and 15 to the Third and Fifth Count are identical, except for the reference named to the subject Defendant named therein. These paragraphs to the Third Count, for example, read as follows:
 "14. At all times relevant hereto, Domino's, its agents, servants and/or employees owned, maintained and/or operated a pizza delivery restaurant at 20 New London Turnpike, Norwich, Connecticut and employed drivers to make home delivery of pizzas.
 "15. At the above date, place and time, the defendant Bates was engaged in the delivery of pizza for Domino's, and was the agent, servant and/or employee of Domino's and was operating the vehicle in the course of her agency and/or employment of Domino's.
In her Trial Memorandum, Exhibit D, Bates sets forth a provision of the subject motor vehicle policy issued by Progressive setting its exclusion as follows:
 "Coverage under this Part 1, including our duty to defend, does not apply to:
 "1. Bodily injury or property damage arising out of the ownership, maintenance, or use of a vehicle while being used to carry persons or property for compensation or a fee, including, but not limited to, delivery of magazines, newspapers, food, or any other products."
With respect to the amended complaints filed as Exhibits A and B to her Exhibit D, Bates claims that "the counts against Bates contained in those amended complaints make no mention of the fact that Bates was carrying property for compensation or a fee". This allegation is made in Bates' Counterclaim to this Progressive action in which she claims she "has sustained damages" by reason of the failure of her insurer to provide her a defense in the Pirkey lawsuit. CT Page 15941-lr
An insurer's duty to defend has a broader aspect than its duty to indemnify. Flint v. Universal Machine Co., 238 Conn. 637, 646 (1996). "The issue whether an insurer is obligated to defend its insured does not turn upon the question whether the insurer will be obligated to indemnify its insured, [but, rather] the determinative inquiry is whether the facts stated in the complaint set forth a cause of action within the coverage of the policy." Defendant Bates' Exhibit D, page 5, citing ofMissionaries of Co. of Mary, Inc. v. Aetna Casualty Surety Co.,155 Conn. 104, 114 (1967).
At the hearing before this Court, counsel for Progressive and Bates signed as filed, as Plaintiff's Exhibit 2, the following written document entitled "Stipulation of Facts," which provides as follows:
 "1. At the time of accident, Mary Bates was in course of her employment with First Choice Pizza, Inc., and she was delivering pizzas for compensation."
 "2. The Progressive policy contains an exclusion which bars coverage for bodily injury and property damage arising out of the insured's use of a vehicle while delivering food for compensation or a fee."
 Flint v. Universal Machine Co., supra, 238 Conn. 637 (1996), is analogous to this case. The plaintiff, Virginia A. Flint ("Flint"), brought suit against Universal Machine Co. ("Universal") for personal injuries resulting from her use of Universal's negligent repair of the subject machine. Universal's insurer, Seaco Insurance Company ("Seaco"), based upon the provision of a policy exclusion, did not provide any defense. Universal then brought suit against its insurer, Seaco, to recover for damages and costs entered against it by a stipulated judgment, under the rule of Missionaries of Co. of Mary, Inc. v. AetnaCasualty Surety Co., supra, 155 Conn. 114.
Similar to the Progressive action before this Court, in the Universalv. Seaco hearing before that court, various documentary exhibits, including the subject Seaco insurance policy and the Flint complaint in the underlying lawsuit, were placed in evidence together with a Stipulation of Facts, but no testimony was offered. The trial court's judgment in favor of Seaco was affirmed by the Supreme Court, Flint v.Universal Machine Co., 238 Conn. 637 (1996). Although Flint's complaint in its suit against Universal, similar to the complaint in the Pirkey
lawsuit, did not mention any applications or provisions of the Seaco CT Page 15941-ls policy, Flint's allegations of her use of the subject machine were sufficient to bring into effect the Seaco policy coverage exclusion, and thus did not trigger a duty to defend. See, also, Smedley Co. v.Employers Mutual Liability Ins. Co., 143 Conn. 510 (1956).
As stated, the Pirkey counts against Domino's Pizza and First Choice Pizza incorporate the allegations of the count against Bates, who clearly was their employee delivering pizzas for compensation. The employer is legally required to pay wages. General Statutes § 31-58 et seq. The Stipulation of Facts, Progressive Exhibit 2, acknowledges that Bates was an employee of First Choice Pizza, and "was delivering pizza for compensation."
Bates understood that she was compensated for pizza deliveries. This was confirmed in her Deposition, filed as Progressive Exhibit 3 in this hearing, in which she stated that for pizza deliveries, including the one involved in the Pirkey lawsuit, she "was paid hourly plus 50 cents per delivery." See, e.g., Deposition pages 10-12.
It is also understood by Bates that her personal motor vehicle policy issued by Progressive did not cover use of her vehicle for employment purposes, such as pizza delivery. At the hearing before this Court on theProgressive action, counsel conceded that Bates is represented in thePirkey lawsuit by counsel provided by the insurer of her employer, and thus has no costs.
Judgment is entered in favor of the Plaintiff Progressive Northern Insurance Company both on its Complaint and on the Counterclaim therein of the Defendant Mary L. Bates. The Plaintiff Progressive Northern Insurance Company has no duty to indemnify or defend the Defendant Mary L. Bates and her employers in the subject lawsuit commenced, and still pending, by the plaintiff therein, Joan M. Pirkey.
Superior Court
By David L. Fineberg, JTR